[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Judgment entered dissolving the marriage of the parties pursuant to a written separation agreement on June 17, 1995. The defendant's Motion to Reopen was filed on August 15, 1995, which motion was granted on December 18, 1995. The judgment contemplated that the marital home would be saved from foreclosure, and that the defendant wife would have an asset from the marriage. The financial lives of the parties had been complicated by the plaintiff's terminating his long-term employment with a public utility company and beginning his own company.
Thereafter, on January 29, 1996, the defendant by agreement ratified and ordered by the court, assured payment of the mortgage arrears by a compliance date of February 26, 1996. Other orders appear of record which relate to the payment of automobile expenses of the defendant. CT Page 2861
He failed to comply and was adjudged in contempt. He further agreed and was ordered by the court, Walsh, J., to pay all of the costs of any foreclosure, and the pay certain sums in lieu of payment of a car loan for the defendant. The case was thereafter continued for a two week period, and on March 11, 1996, the plaintiff failed to appear. The defendant had failed to make any of the court ordered payments, and a capias was issued.
Ultimately, the marital home was lost and none of the court orders with respect to the payment of obligations was complied with. Because the judgment had been reopened, the plaintiff was given several-notices to appear for special masters and for pretrial. Ultimately, a hearing on the financial issues was scheduled and conducted on February 25, 1997.
The plaintiff testified that it was his "dream" to have his own business and that that business had failed. Simply put, he felt he owed no responsibility to his wife of twenty-six (26) years. He was remarried, and felt it was perfectly appropriate for him to offer no support to her, and rather that she support him.
The defendant testified that the plaintiff had made a unilateral decision to terminate his employment and begin his business. She did not share his dream. However, she tried to be as supportive as possible, seeking as much employment as possible during that time. She testified that she had been primarily responsible for the raising of the children and the care of their home, and that she had dreamed of owning their home into retirement. She testified that the plaintiff became involved with his current wife at the end of their marriage, and that she was told by acquaintances about their involvement. It was clear to the court by the testimony that the cause of the breakdown of this marriage was the conduct of the plaintiff, both with respect to his relationship with his current wife, and with respect to his financial recklessness.
The defendant has been reduced to living in Maine with a friend. After a long term marriage, she is effectively homeless, and unemployed. The callousness of the plaintiff's testimony eroded any credibility which may have been ascribed to the plaintiff's contention that he had a dream. Moreover, his dream was the selfish act which destroyed the hard work of this couple during this marriage. For that, he is entirely responsible. CT Page 2862
In light of the evidence, and the statutory criteria, the court makes the following orders:
1) ALIMONY. The plaintiff shall pay to the defendant the sum of Two Hundred ($200.00) Dollars per week as periodic alimony. Such alimony shall not terminate upon her remarriage or cohabitation, but may be modified based upon a finding that there has been a substantial change in circumstances based upon remarriage or cohabitation. Such alimony shall terminate upon the death of either party. Alimony shall be paid by immediate wage withholding, based upon the earlier finding of contempt and the history that the plaintiff has in disregarding the orders of this court. That history exists regardless of the fact that the court orders were the subject of his agreement to pay.
The orders for lump sum and periodic alimony shall be secured by a Qualified Domestic Relations Order on the plaintiff's portion of his pension from Southern New England Telephone Company.
2) The plaintiff shall pay to the defendant as limp sum alimony, the sum of Fifty-seven Thousand, Five Hundred ($57,500.00) Dollars. The evidence indicates that the actions of the plaintiff deprived the defendant of this reasonable and negotiated share of the marital assets. The foreclosure of the marital home, and the plaintiff's selective business bankruptcy allows him the flexibility to repay this amount.
3) PENSION BENEFITS. The defendant shall be entitled to fifty (50%) percent of the retirement benefits from Southern New England Telephone Company. This order shall be secured by a Qualified Domestic Relations Order and the court shall retain jurisdiction until the QUADRO is fully implemented.
4) LIFE INSURANCE. The plaintiff shall maintain a life insurance policy on his life in the face amount of One Hundred, Fifty Thousand ($150,000.00) Dollars, and name the defendant as irrevocable beneficiary for so long as he has the obligation to pay alimony.
5) LIABILITIES. The plaintiff shall be responsible for all other marital liabilities and hold the defendant harmless therefrom. All debts related to his business, not discharged in bankruptcy shall be his debts alone. The plaintiff shall further CT Page 2863 be responsible for any tax, deficiency or interest or penalty due and hold the defendant harmless therefrom.
6) ATTORNEYS FEES. The plaintiff shall make a contribution towards the attorneys fees of the defendant in the amount of Seven Thousand, Five Hundred ($7,500.00) Dollars. The defendant was forced to access the courts to seek to enforce the judgment, and thereafter to preserve her claims after the plaintiff failed to meet court orders which were entered pursuant to several agreements between the parties which the plaintiff did not enter. These orders shall be incorporated into the judgment of dissolution.
DRANGINIS, J.